W. R. KUKER v. H. N. SNOW.

· (Filed 19 November, 1908).

**Contracts—Options—Rights of Parties.**

Defendant contracted with N. Bros. to give them an option on his stock, in an incorporated company, with the privilege of buy-·ing at any time within three years. He afterwards placed the·stock in the hands of a trustee for the purpose of securing the performance of a contract made with K with direction to sell to "some parties agreeable to N. Bros." In an action by K against·defendant, and the trustee, to compel the latter to sell the stock, N. Bros. were made parties defendant and asserted their rights under the option contract. *Held*, that an order to sell the stock should not have been made until the rights of N. Bros. had been passed upon. K and the trustee took the stock subject to the rights of N. Bros..

ACTION heard by *Webb, J.,* March Term, 1908, of DUR-HAM.

The plaintiff alleged that, on 21 February, 1907, he entered into a contract, in writing, with defendant H. N. Snow, which he sets out in the complaint. He contracted to sell to defendant Snow ninety-one shares of the capital stock of the Durham Iron Works Company, of the par value of $9,100, "for the following price, to-wit: thirty-five hundred dollars in cash and sixty shares of the capital stock of the Durham Book and Stationery Company of the par value of $3,000. * * * It is mutually agreed between the parties hereto, that said H. N. Snow shall deliver said $3,000 of the capital stock in said Durham Book and Stationery Company to W. B. Guthrie, Esq., to be held by him and sold for the benefit of said Kuker, to some party or parties agreeable to the Mess. Newsome Bros., and the said Snow agrees, on his part, that the said stock shall net Kuker $3,000 in cash. It is further agreed by the parties hereto, that this agreement shall be per-fected and carried out in every detail, within six days from this date." Pursuant to said contract, plaintiff delivered to defendant Snow the shares of stock in the Durham Iron

Works, and Snow paid plaintiff $3,500 cash. He also delivered to Mr. Guthrie $3,000, par value, of stock in the Durham Book and Stationery Company. Although more than ninety days have elapsed since said agreement was made, said Guthrie "has failed and refused to sell said stock and pay the amount received to plaintiff, although demand has been made upon both defendants Snow and Guthrie to carry out the terms of said contract. Plaintiff demands judgment against Snow for $3,000 and interest, and against Guthrie that he sell said stock and apply the proceeds to the payment of the judgment against Snow. At the January Term, 1908, the Court made an order that notice issue to Newsome Bros. to appear, and show cause why they should not be made parties and be bound by the judgment in this cause. No exception was made to this order, and it does not appear at whose instance it was made. Notice having been served, they were made parties defendant. The defendants Snow and Guthrie filed an answer admitting the execution of the contract and the delivery of the stock to Guthrie in accordance therewith. For a defense, they alleged that, some time prior to the execution of the contract, defendant Snow had sold to Newsome Bros. a controlling interest in the Durham Book and Stationery Company, retaining $3,000 of the stock; that he entered into a written contract with said parties, whereby he agreed that said Newsome Bros. "are to have the privilege of purchasing the said sixty shares of stock now held, or any stock which may hereafter be acquired, or which may now be retained by said H. N. Snow and H. N. Snow, Jr., and Mrs. H. N. Snow in the aforesaid company, at any time within the next three years if they may so desire, upon the payment to said H. N. Snow, H. N. Snow, Jr., and Mrs. H. N. Snow, of the par value of said stock" (this agreement is dated 3 January, 1907); that at the time defendant Snow entered into the contract with plaintiff, he advised and informed him personally of the contract with Newsome Bros., in regard to

the sale of said stock, and that he told him if he, plaintiff, took said stock, he would do so subject to the said prior option contract, to all of which plaintiff then and there assented; that Newsome Bros. have never waived their option, nor have they assented that said stock should be sold to any other person. Defendants say that they are ready and willing to carry out the contract, so far as they may be able, in a lawful way, to do so. They ask to be protected and saved harmless on account of the prior option contract.

Newsome Bros., in accordance with the notice served on them, came in and filed an answer, setting up the contract referred to in the answer of Snow and Guthrie. They allege that they have not waived their rights under said contract, but, on the contrary, assert them by claiming the right to buy said stock at any time within three years from 3 January, 1907. Plaintiffs replied to the new matter set up in the answer of defendants Snow and Guthrie, denying all knowledge of the contract with Newsome Bros., and alleging that they are not parties thereto nor affected thereby.

His Honor rendered judgment upon the pleadings, that defendant Guthrie sell the stock deposited with him, pursuant to the terms of the contract between plaintiff and defendant Snow, of 21 February, 1907; that he advertise the sale for thirty days and make report of the price, etc., to the next term of the court; that the cause be retained for further orders. To this judgment defendants excepted and appealed.

*Manning & Foushee* for plaintiff.
*Guthrie & Guthrie* and *R. O. Everett* for defendant.

CONNOR, J., after stating the facts: The appeal presents the question whether, in the light of the pleadings, his Honor was correct in rendering the judgment set out in the record. For the purpose of disposing of this question, the allegations in the answers must be taken as true. So taken, they present a peculiar series of contracts on the part of defendant Snow.

He enters into the contract with Newsome Bros. on 3 January, 1907, giving them an option on the stock, at par, for three years. On 21 February, 1907, he enters into a contract with plaintiff, placing the stock in the hands of Mr. Guthrie to sell in six days, "to some party or parties agreeable to Mess. Newsome Bros." We cannot ignore this limitation upon Guthrie's power to sell. If nothing else appeared, before plaintiff could enforce a sale he would have to allege and prove that Guthrie had failed or refused to make an effort to make a sale to "parties agreeable to Newsome Bros." The limitation put Guthrie upon notice that, in some way, Newsome Bros. were entitled to be consulted in finding a purchaser or, at least, that the person who purchased should be agreeable to them; otherwise the language, in that respect, has no significance. If he should disregard the limitation upon his power to sell, he might incur liability either to Newsome Bros. or, if they had a prior right to the stock, to the purchaser. Of course, he could not arbitrarily refuse to act in the premises. It is true that plaintiff alleges that he has demanded of Guthrie to sell the stock, but he does not allege that a sale can be made, in accordance with the terms of the contract, to some person agreeable to Newsome Bros. This, however, is not all that appears. It is alleged in the answer that Newsome Bros. have the right to purchase the stock, at par, at any time within three years, and that plaintiffs had notice of this right and made the contract subject to Newsome Bros.' option. This allegation is denied by plaintiff. Before any order of sale is made or final judgment rendered, this issue of fact should be settled by the jury.

We forbear discussing the question respecting the right of Newsome Bros. to demand specific performance of the contract with Snow, and to that end to enjoin the sale until the expiration of their option; also whether a purchaser from Snow or from Guthrie, trustee, would take the stock subject to Newsome Bros.' rights. In the light of Snow's guaranty

that the stock shall bring par value when sold, and that he will make good any deficiency to the extent of $3,000, it is difficult to see how he is interested in delaying a sale. In any event, he is liable to plaintiff for $3,000, the only question being whether he can, if he can make good his allegation, postpone the sale for three years, or until Newsome Bros. see fit to close their option either by. taking the stock at par, or surrendering their claim to it. The judgment of his Honor must be set aside and a new trial had, to the end that the controverted matters may be settled. It is so ordered.

New trial.